```
              UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

KENT GRIFFIN,                       :
                                    :
    Petitioner,                     :    No. 4:CV-05-0891
                                    :
  vs.                               :    Petition Filed 05/02/05
                                    :
WARDEN RONALD R. HOLT,              :    (Judge Muir)
                                    :
    Respondent                      :    (Magistrate Judge Smyser)

**ORDER**

September 13, 2005

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    On May 2, 2005, Kent Griffin, an inmate at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Griffin is proceeding *pro se* and *in forma pauperis*.

    The Clerk of Court assigned this case to us but referred it to Magistrate Judge J. Andrew Smyser for consideration.  On July 28, 2005, the Magistrate Judge issued a report recommending that Griffin's petition be dismissed because the claim in it may be raised only in a motion filed pursuant to 28 U.S.C. § 2255.

    On August 5, 2005, Griffin timely filed objections to the Magistrate Judge's Report and Recommendation.  Respondent Warden Ronald R. Holt filed his opposition brief on August 22, 2005.  The time allowed for Griffin to file a reply brief expired on

September 9, 2005, and to this date no such brief has been filed. Griffin's objections to the Report and Recommendation are ripe for disposition.

When objections are filed to a report of a Magistrate Judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of the Magistrate Judge. Id.  In providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a Magistrate Judge's proposed findings and recommendations. Id.  *See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Griffin was convicted in the United States District Court for the Eastern District of Virginia in 2001 for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He unsuccessfully appealed the conviction, and his attempt to obtain post-conviction relief in a habeas corpus petition filed pursuant to 28 U.S.C. § 2255 also failed.

Griffin now claims in the pending § 2241 petition that his conviction was obtained in violation of his Fifth Amendment right to due process, his Sixth Amendment right to a jury trial, and a section of the International Covenant of Civil and Political Rights.  A review of the documents which Griffin has filed in this case indicates that his sole substantive claim is that he is entitled to relief because certain sentencing factors which had not been submitted to the jury were used to enhance his sentence.  In essence, Griffin seeks relief based strictly on the principles discussed by the United States Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Magistrate Judge Smyser recommends that the petition be dismissed without considering the substantive merits of the claims because they may be considered only in a motion filed pursuant to 28 U.S.C. § 2255.  The Magistrate Judge's ten-page Report and Recommendation discusses in detail the case law supporting that conclusion.

The Court of Appeals for the Third Circuit has expressly held that § 2255 is not inadequate or ineffective where the claim to be raised is based on <u>Apprendi</u>. *See* Okereke v. United States of America, 307 F.3d 117, 120-121 (3d Cir.2002); <u>Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997)(discussing the circumstances in which a remedy pursuant to § 2255 would be "inadequate or ineffective");

3

Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). We agree with the Magistrate Judge's determination that Griffin's failure to demonstrate that the remedy created in 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention precludes this court from considering the claims asserted in his § 2241 petition.

Griffin's reference to the International Covenant of Civil and Political Rights does not alter that conclusion. The portion of that treaty relied upon by Griffin merely provides that

> anyone who is deprived of his liberty by ... detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful.

International Covenant of Civil and Political Rights, Art. 9, ¶4. It appears as though the requirements of that text were met when Griffin filed his appeal and his § 2255 petition. To the extent that Griffin contends that he is entitled to some further review pursuant to that treaty, we agree with Magistrate Judge Smyser's observation that the treaty is not self-executing and therefore may not be enforced in a court. *See* Reaves v, Warden, No. 3:01-CV-1149, 2002 WL 535938 at *9 (M.D. Pa. Mar. 22, 2002)(Conaboy, J.), *aff'd*, 2003 WL 193951 (3d Cir. Jan 28, 2003).

Griffin's current inability to raise his claims in a § 2255 because of that statute's procedural requirements does not render

the remedy set forth in § 2255 inadequate or ineffective. *See Dorsainvil*, 119 F.3d at 251.  Consequently, Griffin's claims are not subject to review in a habeas petition filed pursuant to § 2241.

    We will dismiss Griffin's petition.

    NOW, THEREFORE, IT IS ORDERED THAT:

1. Griffin's objections (Document 12) to Magistrate Judge Smyser's Report and Recommendation are overruled.
2. Magistrate Judge Smyser's Report and Recommendation (Document 11) filed on July 28, 2005, is adopted *in toto*.
3. Griffin's § 2241 petition (Document 1) is dismissed.
4. The Clerk of Court shall close this case.
5. Any appeal from this order will be deemed lacking in probable cause and a certificate of appealability will not issue.

                                                             s/Malcolm Muir  
                                                             MUIR, U. S. District Judge

MM:ga